## BURKHARDT v. HANCOCK.

Ohio Appeals, 6th Dist., Lucas Co.

G. H. Lewis and W. H. McLellan, Toledo, for Burkhardt.

Miller, Brady, Yager & Leidy, Toledo, for Hancock.

225. **CHARGE OF COURT.**

YOUNG, J.

Failure to charge that plaintiff would not be barred by negligence of wife driving automobile colliding with defendant's automobile unless she was his agent, not excepted to or requested to be charged before submission of case to jury, held not reversible error.

(Richards and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## HOPPLE v. CLEVELAND DISCOUNT CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Thompson, Hine & Flory, Cleveland, for Hopple.

Squire, Sanders & Dempsey, Cleveland, for Discount Co.

652. **INTERIM CERTIFICATES — 831. Negotiable Instruments.**

SULLIVAN, J.

1. Where interim certificates of Discount Company were indorsed by owner and delivered to another, who sold them to innocent purchaser for value, innocent purchase acquired title, regardless of bad faith of original transferee in procuring certificates.

2. Where owner of interim certificates issued by Discount Company intended to pass title to them, by indorsement and delivery, form of transfer was immaterial.

3. Indorsement and delivery of Discount Company's interim certificates by owner to transferee acting in bad faith held not void.

4. Acknowledgment of receipt of securities represented by interim certificates of Discount Company at time when Discount Company retained possession of securities, made in conformity with regular methods pursued by holders of securities and brokers, held not to affect title of innocent purchaser for value of interim certificates from transferee of holder.

5. Title to interim certificates representing securities held subject to transfer by indorsement and delivery, whether treated as intangible choses in action, or as personal property.

6. Where an instrument is in nature of a chose in action, bona fide purchaser takes it free from collateral equities, notwithstanding fact that he may be subject to defenses by obligor to which original owner was subject.

7. Interim certificates, obligating Discount Company to deliver securities represented thereby to another, or her order, indicate that they were negotiable instruments, since words "or order" give holder right to transfer same to third persons, who may enforce them against first owner of paper.

8. Indorsements in blank by payee of interim certificates and delivery thereof to another for valuable considerations, was sufficient to transfer title to certificates, which

could not be rescinded after transferee sold certificates to innocent purchaser for value.

(Levine, PJ., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## KNOX COUNTY FARM BUREAU v. WAGNER.

Charles L. Bermont, Mt. Vernon, for Farm Bureau.

L. C. Stillwell, Mt. Vernon, for Wagner.

225. **CHARGE OF COURT.**

HOUCK, PJ.

1. In action to recover membership dues to Farm Bureau Federation, charge requiring certain findings to prevent recovery by plaintiff, but failing to define issues to be determined by jury, or explain questions of fact in dispute, was not proper or legal charge, and was prejudicial error.

2. Charge to jury should state facts raised by pleadings clearly and definitely so as not to be misconstrued by jury.

(Shields and Patterson, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.